UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-949-GHK (Ex) | Date | May 17, 2011 |
|---|---|---|---|

| Title | *David H. Reynolds, et al. v. CitiMortgage Inc., et al.* |
|---|---|

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Plaintiffs' Request for Default Judgment;

On April 28, 2011, Plaintiffs David H. Reynolds and Sandy J. Reynolds (collectively, "Plaintiffs") filed a Request for Default Judgment against Defendants CitiMortgage Inc., ABN Amro Mortgage Group Inc, and CR Title Services Inc. (collectively, "Defendants"). This request is premature for two reasons.

First, Defendants have not been properly served. Plaintiffs have filed a "Proof of Service - Acknowledgment of Service." However, this document does not indicate what documents were served, to which particular Defendant(s) they were served, or the address where Defendant(s) were served. Also, this form is an <u>acknowledgment</u> of service which could only be effective if returned by the party upon whom service is effected. Because Plaintiffs have sued corporations, they must abide by the rules for serving corporations with the summons and complaint. (*See* Federal Rule of Civil Procedure 4(h)). Specifically, unless a defendant has waived service, (*See* Federal Rule of Civil Procedure 4(d)), they can be validly served in the following ways: (1) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant"; or (2) unless federal law provides otherwise, service in a manner "following [California] law for serving a summons . . . or [the state law of the state] where service is made." (Federal Rules of Civil Procedure 4(h)(1); 4(e)(1)). We also note that if service is made under the first rule (and in most cases if it is made under the second rule), service must be made by a person who is <u>not</u> <u>a</u> <u>party</u>. (Federal Rule of Civil Procedure 4(c)(2)). The Proof of Service that Plaintiffs filed seems to say that Plaintiffs themselves effected service, which is improper.

Second, before moving for default judgment, Plaintiffs must request entry of default. This is a two-step process, which gives the defaulting party an opportunity to cure the default before judgment is entered against them. However, until proper service is effected on Defendants, requesting default is premature.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-949-GHK (Ex) | Date | May 17, 2011 |
|---|---|---|---|
| Title | *David H. Reynolds, et al. v. CitiMortgage Inc., et al.* | | |

     Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days after the complaint is filed. Since Plaintiffs filed their Complaint on January 31, 2011, they are required to complete service by May 31, 2011. Because Plaintiffs are pro per, we will give them an additional period of time–until **June 15, 2011**–to effect valid service upon Defendants. If Plaintiffs have not completed service on Defendants, and filed a proof of service for each of them, by June 15, 2011, then by June 15, 2011, Plaintiffs must instead **show cause in writing** why the unserved Defendants should not be dismissed for failure to serve according to Federal Rule of Civil Procedure 4(m) and/or failure to diligently prosecute this action. If Plaintiffs fail to timely serve any Defendant or fail to adequately show cause why they should not be dismissed by June 15, 2011, such failure will be deemed Plaintiffs' consent to the dismissal of that Defendant for failure to serve and/or failure to prosecute. In that event, we will dismiss that Defendant without prejudice. We strongly encourage Plaintiffs to contact the Pro Se Clinic at (213) 385-2977 for assistance.

     **IT IS SO ORDERED.**

|  |  | -- | : | -- |
|---|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea | |